J-S05008-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JESSE J. STRAYER | : | |
| | : | |
| Appellant | : | No. 676 WDA 2023 |

Appeal from the Judgment of Sentence Entered April 11, 2023
In the Court of Common Pleas of Blair County
Criminal Division at No(s):  CP-07-CR-0001739-2021

BEFORE:  PANELLA, P.J.E., KING, J., and BENDER, P.J.E.

MEMORANDUM BY PANELLA, P.J.E.:          **FILED: April 18, 2024**

Jesse J. Strayer brings this appeal from the judgment of sentence imposed following his conviction of criminal mischief.[1] We affirm.

In an amended information filed September 28, 2022, Strayer was charged with three counts of recklessly endangering another person and one count of criminal mischief. The charges stemmed from an incident of damage caused by a pellet gun fired at a vehicle parked at the home of Strayer's neighbors ("the Deterlines"), which was reported on April 12, 2021. Also on September 28, 2022, a jury convicted Strayer of criminal mischief and found him not guilty of the three counts of REAP. The trial court sentenced Strayer to a twelve-month term of probation. This timely appeal followed, wherein

---

[1] 18 Pa.C.S.A. § 3304(a)(2).

Strayer challenges the trial court's denial of two separate motions for mistrial related to evidentiary determinations after Commonwealth witnesses offered hearsay statements during testimony.

In a single argument, Strayer presents claims that the trial court erred in failing to grant his separate motions for mistrial. Upon the making of the motion for mistrial, the trial court is to "determine whether misconduct or prejudicial error actually occurred, and if so, to assess the degree of any resulting prejudice."[2] **Commonwealth v. Sanchez**, 907 A.2d 477, 491 (Pa. 2006). "The remedy of a mistrial is an extreme remedy required 'only when an incident is of such a nature that its unavoidable effect is to deprive the appellant of a fair and impartial tribunal.'" **Commonwealth v. Hogentogler**, 53 A.3d 866, 878 (Pa. Super. 2012) (citations omitted).

A trial court is vested with the sound discretion to determine whether a mistrial is warranted, and we review its decision for an abuse of that

---

[2] We note Pennsylvania Rule of Criminal Procedure 605 addresses mistrials, and provides, in pertinent part, as follows:

**Rule 605. Mistrial**

**(B)** When an event prejudicial to the defendant occurs during trial only the defendant may move for a mistrial; the motion shall be made when the event is disclosed. Otherwise, the trial court may declare a mistrial only for reasons of manifest necessity.

Pa.R.Crim.P. 605(B).

discretion. *See id*. In *Commonwealth v. Hudson*, 955 A.2d 1031 (Pa. Super. 2008), we stated:

> An abuse of discretion is more than an error of judgment. On appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised by the trial court was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.

*Id*. At 1034 (citation omitted).

Moreover, a trial court may remove taint caused by improper testimony through curative instructions. *See Commonwealth v. Bracey*, 831 A.2d 678, 682 (Pa. Super. 2003). When the trial court provides cautionary instructions to the jury after the defense raises a motion for a mistrial, "[t]he law presumes that the jury will follow the instructions of the court." *Commonwealth v. Brown*, 786 A.2d 961, 971 (Pa. 2001) (citation omitted).

Strayer initially argues the trial court erred in denying his motion for a mistrial after Warden Salvatore Zaffuto of the Pennsylvania Game Commission testified to hearsay statements made by the victims. *See* Rule 1925(b) Statement, 6/30/23, at 1, ¶ 2; Appellant's Brief, at 6. Specifically, Strayer asserts that "the Commonwealth elicited hearsay statements of [the Deterlines] regarding prior shooting [by Strayer] to show the direction of the shooting in this case." Appellant's Brief at 6. Strayer contends that Zaffuto's statement about the Deterlines having seen Strayer shoot his gun in the past was inadmissible hearsay that could not be cured by a cautionary instruction. *See id*.

The trial court offered the following in addressing this issue:

> The hearsay in question is found in the testimony of [Zaffuto], in which he stated "it matched up with what the Deterlines told me about the shooting – Mr. Strayer shooting. They have seen him in the past shooting and that's why we wanted to meet them." [Strayer's] counsel objected to the statement on the grounds of hearsay and the [t]rial [c]ourt sustained that objection. [Strayer] then asked for a mistrial based on that hearsay claiming it was highly prejudicial.

> The statement does rise to the level of hearsay pursuant to the Pennsylvania Rules of Evidence, which is why the [t]rial [c]ourt sustained [Strayer's] objection to the statement. The [t]rial [c]ourt then offered a curative instruction … .

> This cautionary instruction was adequate to overcome any possible prejudice introduced by the statement because [Strayer] himself testified to telling the investigative officer that he shot his pellet gun at a tree on his property. Therefore, the hearsay statement in question to which [Strayer's] objection was sustained and a curative instruction given to the jury, was no more prejudicial than the testimony offered by [Strayer].

Trial Court Opinion, 8/11/23, at 6 (citations omitted). This development at trial occurred when Strayer requested a mistrial after the following transpired during Zaffuto's direct testimony:

> Q. Game Warden Zaffuto, why are you testifying that it appeared whatever caused this damage came from the direction of Mr. Strayer's property?

> A. It matched up with what the Deterlines told me about the shooting -- Mr. Strayer shooting. They have seen him in the past shooting, and that's why we wanted to meet them.

N.T., 9/28/22, at 87-88. Strayer immediately lodged an objection on the grounds of hearsay, which the trial court sustained. *See id*. at 88. After a sidebar, the trial court gave the jury the following cautionary instruction:

> Ladies and gentlemen, in regards to the witness's last answer, it did contain some hearsay statements. Hearsay are statements made out of court which may or may not be proper to be admitted into the evidence, and sometimes they are proper to be admitted for one reason but not for another reason. So anything this witness says about what the Deterlines said to him, it cannot be admitted for the truth of the matter asserted. In other words, you can't say – you can't decide it is true, what the Deterlines told him, but it can be admitted for why did he do what he did next. So with that explanation...I mean, the Deterlines were present and you heard their testimony. So those are the statements of the Deterlines that have come into this trial in terms of the truth of the matter asserted that you can judge for their truth or for their inaccuracy, but this witness, what he says what the Deterlines said, you could take it as to the reason why he did what he did next. So that is the [c]ourt's ruling.

*Id*. at 91. As explained by the trial court, Strayer offered his own testimony admitting that he has shot his gun outside on his property. *Id*. at 180-83.

The curative instruction correctly and appropriately directed the jurors on how to consider the statement presented by Warden Zuffato. There is no evidence that the jury ignored the trial court's cautionary instructions directing the jury to consider the evidence for a limited purpose. Absent evidence to the contrary, the jury is presumed to have followed the trial court's instruction. *Brown*, 786 A.2d at 971. As such, a mistrial was unnecessary, particularly where this hearsay was merely duplicative of what Strayer himself admitted about shooting his gun outside his property. Therefore, we discern no abuse of discretion by the trial court in denying Strayer's motion for a mistrial. Accordingly, Strayer's issue does not merit relief.

Strayer also argues that the trial court erred in denying his motion for a mistrial following hearsay testimony offered by Officer Paul Nagle. *See* Rule

1925(b) Statement, 6/30/23, at 1-2, ¶ 3; Appellant's Brief, at 6. Again, Strayer claims that "the Commonwealth elicited hearsay statements of … numerous neighbor[s] that they had seen [Strayer] shoot his pellet gun in the past." Appellant's Brief at 6. Strayer posits that a mistrial should have been granted because the jury heard that neighbors saw Strayer shoot his gun and "did not want [to be] involved." *Id*. He claims that the testimony was highly prejudicial and could not be cured by a cautionary instruction. ***See id***.

In reviewing this issue, the trial court offered the following analysis:

> The hearsay statement given by Officer Nagle was "I did ask questions, and they all stated that they have seen [Strayer] shoot his air soft." [Strayer] objected to this statement on the grounds of hearsay; subsequently, the [t]rial [c]ourt sustained the objection and struck the statement from the record. The [t]rial [c]ourt offered to make a curative instruction should [Strayer] request it, however, [he] did not request a curative instruction on this matter.

> * * *

> As previously, noted, [Strayer] testified that he told the investigative officer that he shoots his pellet gun at a tree in the yard. Further, the trial court sustained [Strayer's] objection to the hearsay, struck it from the record, and offered a curative instruction to the jury. Given this, [Strayer] was not prejudiced to the extent that he was deprived of a fair and impartial trial. As such, the [t]rial [c]ourt did not abuse its discretion in denying [Strayer]s [m]otion for a [m]istrial based on the hearsay statement of Officer Nagle.

Trial Court Opinion, 8/11/23, at 7 (citations omitted).

Again, our thorough review of the record reveals the following occurred during Officer Nagel's direct testimony:

Q. Sir, after you went to the Deterline residence in January, did you make contact with anybody else about the damage that was caused?

A. I made contact with some neighbors throughout this investigation. Everyone I spoke to wanted to remain anonymous and did not want [to be] involved.

Q. Had you prior to making contact with any of those neighbors identified any of them as suspects in causing this damage?

A. No. I did ask questions, and they all stated that they have seen Jesse Strayer shoot his air soft.

[Defense Counsel]: Objection, Your Honor.

BY THE COURT: That is sustained and that is stricken from the record. Go ahead. Ask your next question.

N.T., 9/28/22, at 136.

After the Commonwealth rested its case in chief, Strayer lodged a request for mistrial. *See id*. at 163-65. Subsequently, the trial court reaffirmed its decision that a mistrial was not necessary and again offered to give the jury a curative instruction. *See id*. at 166-68. Strayer then specifically refused the trial court's offer for the proposed instruction. *See id*. at 168. As we mentioned earlier, Strayer offered his own testimony admitting that he has shot his gun outside on his property. *Id*. at 180-83.

There is no indication in the record that the Commonwealth exploited or mentioned again the comment in question. Moreover, the trial court directed that the statement be stricken from the record. In addition, Strayer specifically declined the trial court's offer for a curative instruction. Also, as noted, Strayer himself admitted under oath that he has fired his gun at a tree on his property.

- 7 -

We cannot conclude that the hearsay statement offered by Officer Nagel was of such a nature that its unavoidable effect deprived Strayer of a fair and impartial tribunal. Therefore, we discern no abuse of discretion by the trial court in denying Strayer's motion for a mistrial. Consequently, this claim lacks merit.

In summary, Strayer has not established that the trial court's denial of his two motions for mistrial was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will. Accordingly, the trial court did not abuse its discretion.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

4/18/2024